**MITCHELL' et al. v. COMMISSIONERS' COURT OF CORYELL COUNTY et al. (No. 6524.)\***

(Court of Civil Appeals of Texas. Austin. Feb. 1, 1922. Rehearing Denied March 22, 1922.)

**1. Schools and school districts ⊂⇒38—Election or petition not required to authorize trustees of adjoining counties to consolidate districts for common school purposes.**

An election or petition is not necessary to authorize school trustees of adjoining counties to consolidate adjoining districts for common school purposes under Vernon's Ann. Civ. St. Supp. 1918, art. 2815a, as that article does not require it, and article 2749c, which seems to require a petition for consolidation for high school purposes, does not apply in such case.

**2. Schools and school districts ⊂⇒103(2)—Common county line district held sufficiently described in county judge's order for election for maintenance tax.**

A description of the district in the order of a county judge ordering an election for a maintenance tax, as "common county line school district No. 106 of Coryell and Hamilton counties, Texas," which was properly established in accordance with Acts 32d Leg. (1911) c. 100, § 50a, as amended by the Acts 35th Leg. (1917) c. 196 (Vernon's Ann. Civ. St. Supp. 1918, art. 2815a), by the board of school trustees of each county, giving the date of the order and the volume and page of the record thereof in the school district records for each county, was sufficient.

**3. Schools and school districts ⊂⇒37(5)—Map of common county line district sufficient if it shows county line, each survey in district, and acreage of each.**

To create a common county line district the map and plat is sufficient if the dividing line between the two counties is clearly delineated, and shows each of the surveys within the boundaries of the district, and the number of acres in each survey.

Appeal from District Court, Coryell County; J. R. McClellan, Judge.

Suit by Jim Mitchell and others against the Commissioners' Court of Coryell County and others. From judgment for defendants, plaintiffs appeal. Affirmed.

T. R. Mears, of Gatesville, for appellants. J. H. Arnold and H. E. Bell, both of Gatesville, for appellees.

KEY, C. J. Jim Mitchell and certain other taxpayers brought this suit for the purpose of enjoining and preventing the assessing and collecting of certain taxes for school purposes within an alleged school district. They charged in their petition that the statute was not complied with in several respects, in creating the alleged district, and in holding the election which authorized an additional tax for school purposes within that district.

The defendants answered by general and special exceptions, and by general denial. The case was tried before the court without a jury, and judgment rendered for the defendants; from which judgment the plaintiffs have appealed.

[1] The first assignment of error and the only proposition submitted thereunder assert that the school trustees of Hamilton and Coryell counties had no authority to abolish existing school districts within the two counties, and create one common county line district, embracing land in both of the former districts, upon their own motion, and without an election or petition therefor.

Article 2815a of Vernon's Texas Civil and Criminal Statutes, 1918 Supplement, authorizes school trustees of adjoining counties to consolidate adjoining 'school districts for common school purposes, and does not require any election or petition to authorize such procedure. Article 2749c seems to require a petition in order to authorize consolidation for high school purposes, but that article has no application to this case, because the consolidation was not for high school purposes. Mathis v. Pritchard (Tex. Civ. App.), 196 S. W. 624; Price v. County School Trustees (Tex. Civ. App.) 192 S. W. 1140. We are of the opinion that the assignment referred to shows no ground for reversing the judgment.

[2] Under appellants' second assignment but one proposition is submitted, and that is that an order by a county judge, ordering an election for a common school district, to determine a question of voting a maintenance tax, should describe properly said district; and that the failure to do so in this case renders the election void.

The order referred to described the district in which the election was ordered, as "common county line school district No. 106 ' of 'Coryell and Hamilton counties, Texas," which district had theretofore been properly established, in accordance with section 50a chapter 100, Acts of the regular session of the Thirty-Second Legislature, as amended by the Thirty-Fifth Legislature, chapter 196 (Vernon's Ann. Civ. St. Supp. 1918, art. 2815a) as follows:

1. By the board of county trustees of Coryell county, Tex., on the 24th day of November, 1920, which order is of record in volume 1, p. 43, of the Records of School Districts for said county.

2. By the board of county school trustees of Hamilton county, Tex., on the 20th day of September, 1920, which order is of record in volume 1, p. 32, of the Records of School Districts for said county.

Said order states that it was made to appear that the boards of county school trus-

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

\*Writ'of error refused April 26, 1922.

tees referred to had designated Coryell county to manage and have control of the public schools in said district, and that it was made to appear that said common county school district contains an area of not less than nine square miles. We think the description referred to was sufficient; and therefore the second assignment is overruled.

[3] The only proposition submitted under the third assignment is that, in order to legally create a county line school district, it is necessary for the map and plat of said district to show and designate the surveys of land in said district, the number of acres in each survey, and the county in which each survey is located.

Conceding that the statute requires all that is embraced in the foregoing proposition, we hold that the map in this case substantially complies with that requirement. The dividing line between the two counties is clearly delineated on the map, together with each of the surveys within the boundaries of the district, and the number of acres in each survey.

The fourth and last assignment and proposition thereunder submit the contention that the orders creating the county line district were wholly insufficient, because they only seek to redefine a district then not in existence, the two former districts having been abolished; and that the orders attempting to create said district are not sufficient, in that the same are not decrees and judgments of the respective school boards in such way as to create and constitute the school district.

We do not think there is any merit in the contentions referred to, and therefore that assignment is overruled.

No reversible error having been pointed out, the judgment of the trial court is affirmed.

Affirmed.

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes